UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CASE NO.:

OMAR MARTINEZ,

        Plaintiff,

vs.

KEANE FRAC LP, LLC,
NEXTIER OILFIELD SOLUTIONS, INC.,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, OMAR MARTINEZ, through counsel, sues Defendants, KEANE FRAC LP, LLC, and NEXTIER OILFIELD SOLUTIONS, INC., (Collectively "DEFENDANTS") and alleges the following:

1. This is an action for damages within the jurisdiction of this court wherein Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See* 29 U.S.C. § 201, Et. Seq.

2. Plaintiff resides in the court's venue and is a past employee of Defendants.

3. In justifiable reliance upon Defendants' representations, Plaintiff accepted employment from Defendants.

4. At all times material hereto, Defendant, KEANE FRAC LP, LLC, was a domestic for-profit limited liability company which was licensed to transact business in the

       State of Texas and conducts business within this judicial district, was engaged in the business of discovering and developing of oil and natural gas assets and fracking services, was licensed to transact business in the State of Texas, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d), and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more

5.    At all times material hereto, Defendant, NEXTIER OILFIELD SOLUTIONS, INC., is a foreign ("Delaware") for-profit corporation which was licensed to transact business in the State of Texas and conducts business within this judicial district, was engaged in the business of discovering and developing of oil and natural gas assets and fracking services, was licensed to transact business in the State of Texas, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d), and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

6.    On or about October 31, 2019, NEXTIER OILFIELD SOLUTIONS, INC. completed a merger with Keane Group, Inc. which at all times material hereto, was the parent/holding company of Defendant, KEANE FRAC LP, LLC. As such, Defendant NEXTIER OILFIELD SOLUTIONS, INC. is the successor interest which became liable for all of Defendant, KEANE FRAC LP, LLC.'s pre-merger acts, conduct and liabilities.

7. At all times material hereto, from about February 1, 2017 to March 1, 2017 Plaintiff accepted employment and began working for Defendants as an hourly "Senior Site Supervisor" where he was paid at a rate of $26 per hour.

8. On or about, March 1, 2017, while Plaintiff was still a "Senior Site Supervisor," his pay structure was changed from hourly to salary wherein he began to receive $2,000.00 per week.

9. On or about, August 20, 2017, while Plaintiff was still a "Senior Site Supervisor," Plaintiff's pay structure was then changed from salary to hourly and he remained an hourly employee up until around September 30, 2017 where he would get paid at a rate of $26.00 per hour.

10. On or about, around October 1, 2017, while Plaintiff was still a "Senior Site Supervisor," Plaintiff's pay structure was changed back from hourly to salaried and he remained as salaried until round January 4, 2020 during which time he was receiving pay of $2,211.54 per week.

11. On or about, January 5, 2020, while Plaintiff was still a "Senior Site Supervisor," Plaintiff's pay structure was again changed from salaried to hourly and he remained an hourly employee until approximately the first week of May 2020 at which time he was terminated, during which time he was paid at a rate of $28.50 per hour. During said time period, despite Plaintiff maintaining the same job duties, responsibilities and answering to the same management, on or about January 26, 2020, Plaintiff began receiving his paycheck from Defendant, NEXTIER OILFIELD SOLUTIONS, INC. instead of Defendant, KEANE FRAC LP, LLC.

12. During all times material hereto, Plaintiff's job responsibilities remained the same, despite the changes to his pay structure between hourly and salaried.

13. Despite Plaintiff's classification as a "Senior Site Supervisor," Plaintiff was not exempt from the overtime pay requirements of the FLSA and was apparently misclassified as overtime exempt and/or simply not paid the required overtime pay as required by law.

14. During the subject time periods in which Plaintiff's pay structure was changed to salary, Defendants failed to pay Plaintiff the required overtime pay and would only pay a set salary for all hours worked in excess of 40 hours per week.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

17. Plaintiff reavers and realleges paragraphs 1-16 herein.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and

appropriate.	Respectfully submitted,

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd – Suite 224
Plantation, FL 33324
Phone:	(954)585-4878
Facsimile:	(954)585-4886
E-Mail:	JLoren@goldbergloren.com

*/s/ James Loren*

_____
James M. Loren, Esquire
S.D. Tex. Bar No.: 2656541